# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| TEXAS ATLANTIC HOSPITALITY, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CV419-163 ) |
| ASHLEY BROWN, | ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Defendant Ashley Brown seeks to remove this case from the Magistrate Court of Liberty County, without prepayment of fees and costs pursuant to 28 U.S.C. § 1915(a). Defendant has filed a motion to proceed *in forma pauperis* (IFP) alleging that she is unable to pay the $400.00 filing fee. Defendant's allegations of indigency in her application are dubious at best—for example, she alleges an average monthly income of $1,387, but provides no details on her employment while also claiming $2,800 in monthly expenses including $600 for food. Generally, this Court would require that defendant supplement her IFP application to provide the necessary details, however, the Court is compelled to remand any action which has been improperly removed. *Nat'l Parks*

*Conservation Ass'n v. Norton*, 324 F.3d 1229, 1240 (11th Cir. 2003) (federal courts must dismiss an action *sua sponte* if subject matter jurisdiction is lacking). Since this Court lacks jurisdiction over this case, it should be **REMANDED**. As a result, defendant's motion to proceed IFP should be **DISMISSED AS MOOT**.

Generally, federal courts are courts of limited jurisdiction: they may only adjudicate cases over which they have been granted jurisdiction by the Constitution or Congress. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). Specifically, federal district courts have jurisdiction over two types of civil actions: (1) those that involve a federal question, meaning the claim arises under the Constitution, laws, or treaties of the United States; and (2) those that invoke the court's diversity jurisdiction, meaning they involve an amount in controversy in excess of $75,000 and are "between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (citing 28 U.S.C. § 1332). In cases removed to federal court based on diversity jurisdiction, removal is permissible only "if there is complete diversity between all named plaintiffs and all named defendants, and no

defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

The defendant, as the removing party, normally has the burden of proving the existence of federal subject matter jurisdiction. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Where removal is improper, a party may move to remand the case back to state court. *See* 28 U.S.C. § 1447(c). All doubts about federal jurisdiction should be resolved in favor of a remand to state court. *Burns v. Windsor Ins. Co.*, 21 F.3d 1092, 1095 (11th Cir. 1994).

This case appears to be dispossessory action between defendant and her landlord. Doc. 1-1 at 1. Defendant has indicated to the Court that this removal is based on federal question jurisdiction, and her petition for removal appears to indicate that plaintiff is proceeding in violation of the Uniform Commercial Code and the Fair Debt Collection Practices Act ("FDCPA"). Doc. 1 at 1-2. However, nothing in the documents filed with this Court indicate that plaintiff's initial complaint in Liberty County was proceeding under either the UCC or the FDCPA. Moreover, there is nothing in defendant's removal documents to indicate that she ever filed a counterclaim alleging violations of the UCC or the FDCPA.

Regardless of whether or not this Court would gain jurisdiction over this case on the basis of defendant's supposed counterclaims, *see* doc. 8 (plaintiff's argument that the Court should remand), there are currently no counterclaims in existence upon which this Court could base federal jurisdiction.[1]  As the only claim currently in existence is a dispossessory action, removal to this Court is improper.  *See New Continental Prop. v. McKay*, 2018 WL 7075146, * 1 (N.D. Ga. April 16, 2018) ("[T]his case arises out of 'a Dispossessory Warrant,' meaning that there is no federal-question jurisdiction.").  In short, defendant has failed to meet her burden and this case should be **REMANDED** to Liberty County.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for

---

[1] Generally, a party cannot invoke federal question jurisdiction solely on the basis of a defense or counterclaim. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Jefferson Cty., Ala. v. Acker,* 527 U.S. 423, 431 (1999).

additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 4th day of October, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA